**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONALD S. NOOT, Sr., | No. 24-5385 |
| Plaintiff - Appellee, | D.C. No. 1:21-cv-00155-BLW-DKG |
| v. | MEMORANDUM* |
| DAVID NOOT, Sr., | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted February 18, 2026**

Before:   CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

Defendant David Noot, Sr., appeals pro se from the district court's order

granting plaintiff's motion to enforce a settlement agreement in this diversity

action alleging breach of contract.  We have jurisdiction under 28 U.S.C. § 1291.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review for an abuse of discretion. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion in enforcing the settlement agreement, as set forth in the parties' binding memorandum of understanding, because its finding that defendant accepted the terms of a complete settlement agreement was not contrary to law or clearly erroneous. *See Golden v. Cal. Emergency Physicians Med. Grp.*, 782 F.3d 1083, 1089 (9th Cir. 2015) (holding that construction and enforcement of a settlement agreement is governed by local law of contract interpretation); *Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994) (explaining that reversal of a decision regarding enforceability of settlement agreement "is appropriate only if the court based its decision on an error of law or clearly erroneous findings of fact"); *see also Seward v. Musick Auction, LLC*, 426 P.3d 1249, 1259 (Idaho 2018) (holding that under Idaho law, "formation of a valid contract requires a meeting of the minds as evidenced by a manifestation of mutual intent to contract" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**